Estate of John W. Herbert, Deceased, Central Hanover Bank and Trust Company, et al., Executors v. Commissioner.
Estate of Herbert v. Commissioner
Docket No. 108615.
United States Tax Court
1943 Tax Ct. Memo LEXIS 420; 1 T.C.M. (CCH) 710; T.C.M. (RIA) 43112; March 4, 1943
*420 Decedent died owning a claim in the amount of $531,817.75 but having a fair market value on date of death of $200,191.90. Debtor, on account of claim, paid petitioners $282,500 in cash and transferred to them property having a fair market value of $13,303.61 on day of transfer. Held, the sum representing the difference between the fair market value of the claim on date of decedent's death and the amount realized thereon in cash and its equivalent, constitutes a taxable gain to petitioners. Helvering v. Roth, 115 Fed. (2d) 239, followed. Held, further, that such gain is taxable as ordinary income. Carl M. Herbert, Esq., 405 Lexington Ave., New York City, for the petitioners. Jonas M. Smith, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of $9,200.28 and $5,525.46 in the petitioners' income taxes for the years 1938 and 1939, respectively. The primary issue to be decided is whether or not the difference between the fair market value of a claim on the date of death and the amount of money, plus the fair market value of property, subsequently realized by the petitioners is taxable as income. *421 If it be held that this difference is taxable, then a secondary issue is presented, whether the difference is taxable as ordinary income or as a capital gain. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. In so far as material to the issues they are substantially as follows: The petitioners are the duly qualified and acting executors of the Estate of John W. Herbert, deceased. The decedent died August 26, 1934, owning a claim against The Peoples Realty Company, a New Jersey corporation, hereinafter referred to as Peoples, in the amount of $531,817.75. This claim was partially represented by notes and partially by an open account. On the date of death this claim had a fair market value of $200,191.90. The petitioners collected $282,500 in cash from Peoples in the sums and years as follows: 1936
$ 51,000
1937
104,000
1938
127,000
1939
500
In 1939 Peoples, on account of the claim, transferred to the petitioners participating interests in two mortgages. The aggregate fair market values of these interests at the time of the transfer was $13,303.61. Opinion VAN FOSSAN, Judge: By receiving the cash and accepting the participating *422 mortgage interests, the petitioners clearly realized a gain represented by the difference between the stipulated value of the claim on the date of death and the amount of cash and its equivalent received by them. The case falls squarely within the reasoning and decision of the Court in . Petitioners contend that if the sum in question be taxable, it should be treated as capital gain and not as ordinary income. In order to be taxable as capital gain there must be a "sale or exchange of a capital asset." (Sec. 117, Revenue Act of 1938). No such situation is presented by the transaction under consideration. Petitioners sold no asset. On the contrary, a claim which they held was liquidated in part. Peoples received nothing but a pro tanto release from liability. There was no "sale or exchange" of a capital asset. The gain must be taxed as ordinary income. See ; ; ; . *423 Decision will be entered under Rule 50.